UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**MICHAEL L STANDLEY** and
**JACQUELINE T STANDLEY**,

Debtors.

Case No. **11-62373-12**

# MEMORANDUM OF DECISION

At Butte in said District this 6th day of December, 2013.

In this Chapter 12 case, after due notice hearing was held at Great Falls on December 6, 2013, on the motion to dismiss filed by State Bank of Townsend ("State Bank") on August 15, 2013 (Document No. 253), and Debtors' objection thereto and request for sanctions against State Bank and its attorney John Grant ("Grant") for filing a frivolous motion (Doc. 254). State Bank was represented at the hearing by Grant, and State Bank's assistant vice president John Rauser ("Rauser") testified. Both Debtors Michael L. Standley ("Mike") and Jacqueline T. Standley appeared and testified, represented by attorney Gary S. Deschenes ("Deschenes") of Great Falls. The Chapter 12 Trustee James D. Volk ("Volk") appeared and testified, and stated that he believed State Bank's motion to dismiss is premature. U.S. Bank National Association, as Custodian/Trustee, by and through, Zions Agricultural Finance, as Attorney in Fact ("Zion's") was represented by attorney Randall C. Lester ("Lester"), who stated that Zion's does not join State Bank's motion. Exhibits ("Ex.") 3, 4, 5, 6, 7, 8, 9, 10, and State Bank's Ex. I and J were admitted into evidence. At the conclusion of the parties' cases-in-chief the Court took the matter

1

under advisement. After review of State Bank's motion, Debtors' Request, the exhibits, record, and applicable law, for the reasons set forth below the Court denies State Bank's motion to dismiss, and denies Debtors' Request for Sanctions.

Debtors' Plan (Doc. 233) was confirmed by Order entered on April 5, 2013, with the consent of State Bank. The first payment due under the confirmed Plan is due on the date of December 31, 2013, based in part upon sales of three parcels of Debtors' real property. Mike and the Trustee testified that 2 of the 3 sales have closed, and the proceeds paid to the Trustee Volk and disbursed to Zions. The Plan and an approved Stipulation between Debtors and State Bank (Doc. 244) require that the 3 sales be closed and completed by July 1, 2013. One sale was closed by July 1, 2013. A second sale was not closed until September 13, 2013. The third sale, of 80 acres of the "Home Place" to Jeffrey Olson for $80,000, has not closed. The Trustee testified that he has received $175,115.15 from the 2 sales which closed, and paid that sum to Zions.

If the sale of 80 acres to Olson closed, the Trustee and Mike testified that Debtors' confirmed Plan remains feasible and Debtors can make the payment due December 31, 2013. That date has not arrived. The Trustee testified that, in his opinion, State Bank's motion to dismiss is premature because he is holding approximately $47,000 in cattle sale proceeds which Debtors can use to make their plan payment. Mike testified that he can make the plan payment due December 31, 2013, whether or not the sale to Olson takes place, and that Olson still wants to close the sale but his money is tied up on a dispute with Olson's brother.

The approved Stipulation (Doc. 244) between Debtor and State Bank, Ex. J, gives State Bank a number of options at paragraph 9d on pages 3-5, including taking a deed in lieu of foreclosure, Debtors' listing the 80 acres for sale, or foreclosure. State Bank has sole discretion

to proceed under any of the options, or none of the options, and the decision not to pursue any of the options shall not be deemed a waiver. Paragraph 16 provides that "TIME IS OF THE ESSENCE in this Stipulation." It does not include language that State Bank could file a motion to dismiss. Ex. J provides that the Stipulation is incorporated in the Debtors' Plan and controls in the event of a conflict with the Plan.

State Bank filed the motion to dismiss under 11 U.S.C. § 1208 alleging unreasonable delay by the debtor that is prejudicial to creditors, failure to commence making timely payments required by the confirmed Plan, and material default by Debtors with respect to a confirmed Plan. The motion to dismiss was filed before the second sale closed. Debtors objected and requests sanctions against State Bank and Grant for filing a frivolous motion, and Debtor's counsel argued at the hearing that State Bank filed the motion to dismiss instead of exercising its options under the Stipulation.

Section 1208(c) provides that on request of a party in interest, and after notice and a hearing, the Court may dismiss a case under this chapter for cause, including "(1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors; . . . (4) failure to commence making timely payments required by a confirmed plan; . . . (6) material default by the debtor with respect to a term of a confirmed plan ...." *See, e.g. In re Buckingham*, 197 B.R. 97, 105, 109 (Bankr. D. Mont. 1996).

One of the closed sales occurred late, and the sale to Olson has not taken place within the time required by the confirmed Plan and Stipulation. This is evidence of delay and default by the Debtors with respect to a term of a confirmed Plan. Whether or not the motion to dismiss is granted or denied, the undisputed evidence is that the Debtors have failed to perform as agreed,

3

and State Bank's motion to dismiss is not frivolous.

Rule 9011, F.R.B.P., is the bankruptcy equivalent of Rule 11, Fed. R. Civ. P. This Court construed Rule 9011 in *In re Morrow*, 17 Mont. B.R. 183, 189-90 (Bankr. D. Mont. 1998), where the Court noted that courts interpreting Rule 9011 rely on cases involving Rule 11, citing *Wolf v. Kupetz*, 118 B.R. 761, 767 (Bankr. C.D. Cal. 1990). Rule 9011(b) provides that by presenting a signed paper an attorney or unrepresented party is certifying that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, is specifically so identified, are reasonably based on a lack of information or belief.

Upon finding a violation of Rule 9011 a court has wide latitude under Rule 9011(c)(2) in imposing sanctions, including monetary sanctions. *In re Wenk*, 296 B.R. 719, 728 (Bankr. E.D. Va. 2002).

The evidence admitted at the hearing shows that the Debtors have not completed the sale of the 80 acres to Olson, as required by the Plan and Ex. J. There is evidence of delay and Debtors' failure to complete the third sale by the deadline. While Ex. J does not discuss State Bank's right to file a motion to dismiss, it does not waive or prohibit that right. Paragraph 9(e) at page 5 of Ex. J specifically states that the decision not to pursue any of the options shall not be

construed "as a waiver or release of any remedy or right of enforcement." Rule 1208(c) authorizes a "party in interest" to request dismissal for cause, which State Bank has done. Debtors suggested that State Bank held on to proceeds from the sale of cattle, but Rauser testified that State Bank held the check for about 24 hours and sent it to the Trustee at the Trustee's request. In sum, the Court finds that Debtors' Request for sanctions fails to satisfy Rule 9011, and it is denied.

While there has been delay and missed deadlines by Debtors, in order to prove "cause" under § 1208(c)(1) State Bank must prove "unreasonable" delay "that is prejudicial to creditors." State Bank has not shown that the delay in completing the third sale of 80 acres is unreasonable, or that the delay has been prejudicial to State Bank or creditors. Zions did not join State Bank's motion, nor does any other creditor. The evidence at hearing shows that Debtors have been trying to complete the sale, but Olson is not ready. A realtor has been employed by the estate to market and sell the property.

The Court notes that State Bank has not exercised any of its options available under Ex. J in the event of a non-sale. That is State Bank's right under the Stipulation. However, a common maxims of equity provides: "The law aids the vigilant before those who sleep on their rights." MONT. CODE ANN. § 1-3-218. The Court finds and concludes that State Bank failed to show that the delay in closing the third sale is unreasonable and prejudicial to creditors under § 1208(c)(1) when State Bank failed to exercise its rights and remedies available under the Stipulation.

State Bank's other grounds for cause to dismiss are failure to commence making timely payments required by the confirmed Plan, and material default by the debtor with respect to a terms of a confirmed plan. The Trustee opined that State Bank's motion to dismiss is premature.

5

This Court agrees, because the first payment due under the Plan is not due until December 31, 2013. In addition, the Trustee testified that he has made payments to Zions totaling $176,115.15 from the 2 sales which have closed. The Trustee is holding another $47,000 from cattle sales which Mike testified that he can use together with other sources of revenue to make the rest of the payment due on December 31, 2013. There is no evidence that the deadline to make the plan payment has been moved up, and no evidence that the Debtors will not be able to make the December 31, 2013, plan payment as Mike and the Trustee testified they can. Thus, the Court finds that concludes that State Bank failed its burden to show "cause" to dismiss the case under § 1208(c).

    **IT IS ORDERED** a separate Order shall be entered denying State Bank's motion to dismiss; and denying Debtors' Request for Sanctions.

                                              BY THE COURT

                                              HON. RALPH B. KIRSCHER
                                              U.S. Bankruptcy Judge
                                              United States Bankruptcy Court
                                              District of Montana